Russell, et al. *v.* Douglas

No. 42628          March 25, 1963          151 So. 2d 197

*Noble & Noble,* Brookhaven, for appellants.

*Allen & Patterson,* Brookhaven, for appellee.

GILLESPIE, J.

This is the second appearance of this case here. Russell v. Douglas, 138 So. 2d 730.

(Hn 1) In the former appeal this Court remanded the case for the entry of a decree adjudicating the amount appellee paid out in *"preserving and maintaining* the property." When the case was heard by the lower court after remand, it entered a decree ordering appellants to pay appellee's attorney's fee of $350.00. This was

the amount appellee paid her attorney for defending the suit in the lower court on the original trial. On this appeal, appellee assigns as error this action of the lower court. The amount paid by appellee to her attorney in the lower court on the original hearing was not paid out by appellee in ''preserving and maintaining the property.'' The law of the case is set out in the former opinion and the only amount appellee was entitled to be paid was that paid out by her in ''preserving and maintaining the property.'' Appellee cites no authority under which the lower court could require appellants to pay this attorney's fee, and we know of no such authority. Therefore, the lower court was in error in requiring the appellants to pay the fee in the sum of $350.00.

(Hn 2) Appellant also assigns as error the action of the lower court on remand in assessing appellants with one-half of the court costs in the court below incurred on the original trial. This was a matter for the discretion of the chancellor under Sec. 1583, Miss. Code 1942. There is no showing that the court abused its discretion in this regard.

(Hn 3) Appellants also assign as error the action of the lower court in granting appellants only 38 days within which to pay appellee the amount required by the decree, being the sums expended by appellee in ''preserving and maintaining the property,'' plus one-half of the lower court costs. This appeal was prosecuted with supersedeas, and the matter of time has now become moot. On remand we must assume that the chancellor will fix a fair and reasonable time for the payment of said sum by appellants.

The decree of the lower court is reversed in part as herein indicated, otherwise it is affirmed. The costs of this appeal are taxed against appellee.

Reversed in part, affirmed in part; appeal costs taxed against appellee.

*Lee, P. J., and Kyle, McElroy and Rodgers, JJ.*, concur.